UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SKEDKO, INC.,

              Plaintiff,

       v.

ARC PRODUCTS, LLC, a Missouri limited
liability company, d/b/a MEDSLED,

              Defendant.

Case No. 3:13-cv-00696-HA

OPINION AND ORDER

HAGGERTY, District Judge:

SKEDCO, Inc. ("plaintiff" or "SKEDCO") filed this action against ARC Products, LLC

("defendant" or "Medsled") for false advertising in violation of Section 43(a) of the Lanham Act,

15 U.S.C. § 1125(a), and unfair competition in violation of common law.  Defendant currently

moves to dismiss the action, asserting lack of personal jurisdiction, improper venue, laches, and

failure to state a claim.  Plaintiff requested oral argument, but the court finds oral argument

unnecessary to rule on the current motion.  For the following reasons defendant's Motion to

Dismiss [7] is granted in part and denied in part.

1  - OPINION AND ORDER

## BACKGROUND

Plaintiff is an Oregon corporation with its principal place of business in Tualatin, Oregon. Plaintiff manufactures and sells emergency medical rescue equipment, and its leading product is the Sked® Rescue System ("Sked"), an evacuation sled system designed to quickly evacuate wounded people from confined spaces, from high angles, in technical rescues, and in traditional land-based rescues.

Defendant is organized under Missouri law and is headquartered in Missouri. Defendant also manufactures and sells emergency transportation and evacuation devices. Of particular relevance to this case, defendant manufactures and sells the Vertical Lift Rescue Sled ("VLR Sled"), which is an evacuation device that provides quick transport of a nonambulatory individual in a difficult rescue situation or a confined space.

On April 24, 2013, plaintiff filed this lawsuit, alleging that defendant has used false and misleading advertising in brochures, in films, in presentations, and on the Internet that compare the VLR Sled and the Sked. Based on these misrepresentations, plaintiff asserts that defendant engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and unfair competition in violation of Oregon common law. Defendant currently moves this court to dismiss plaintiff's claims for lack of personal jurisdiction, improper venue, laches, and failure to state a claim.

## ANALYSIS

### 1.      Personal Jurisdiction

Plaintiff bears the burden of establishing that this court has personal jurisdiction over defendant. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.,* 103 F.3d 888, 893 (9th Cir. 1996).

However, plaintiff need only make a prima facie showing of facts that support the exercise of jurisdiction over defendant. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis. The exercise of jurisdiction must: (1) satisfy the requirements of the long-arm statute of the state in which the district court sits; and (2) comport with the principles of federal due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Oregon Rule of Civil Procedure (ORCP) 4(B)-(K) provides specific bases for personal jurisdiction and subsection (L) extends jurisdiction to the limits of due process under the United States Constitution. *Nike, Inc. v. Spencer*, 707 P.2d 589, 591 (Or. Ct. App. 1985); *see* ORCP 4. Therefore, plaintiff need only satisfy the second prong of the personal jurisdiction test.

The Due Process Clause of the U.S. Constitution protects persons from being subject to the binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326 U.S. at 316). "A court may exercise either general or specific jurisdiction over a nonresident defendant." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted).

For a defendant to be subject to general personal jurisdiction, the defendant must have such "continuous and systematic contacts with the forum that the exercise of jurisdiction does not

3  - OPINION AND ORDER

offend traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin*,

49 F.3d 1387, 1391 (9th Cir. 1995) (citation omitted). The standard for general jurisdiction is

high, requiring that the contacts in the forum "approximate physical presence." *Tuazon*, 433 F.3d

at 1169 (citation omitted). Unless the defendant can be deemed "present" within the forum for

all purposes, general jurisdiction is not appropriate. *See Menken v. Emm*, 503 F.3d 1050, 1057

(9th Cir. 2007). Because defendant's contacts in Oregon do not approximate physical presence in

the state and plaintiff does not contend that defendant is subject to general personal jurisdiction

in Oregon, it is clear that general jurisdiction is inappropriate.

In contrast to general personal jurisdiction, specific jurisdiction exists where: (1) the

defendant has purposefully directed his activities or consummated some transaction with the

forum of the resident thereof; or performed some act by which he purposefully availed himself of

the privilege of conducting activities in the forum, thereby invoking the benefits and protections

of its laws; (2) the claim arises out of, or relates to, the defendant's forum-related activities; and

(3) the exercise of jurisdiction is reasonable. *Washington Shoe Co. v, A-Z Sporting Goods, Inc.*,

704 F.3d 668, 672 (9th Cir. 2012) (citation omitted). If the plaintiff meets the first and second

elements, the burden shifts to the defendant to present a compelling case that the exercise of

jurisdiction would be unreasonable. *Id.* (citation omitted). However, if the plaintiff fails at the

first or second step, then the jurisdictional inquiry ends and the defendant must be dismissed

from the case. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

To establish the first prong for specific jurisdiction, plaintiff must demonstrate that

defendant either purposefully availed itself of the privilege of conducting activities in the forum,

or purposefully directed its activities at the forum. *Washington Shoe Co.*, 704 F.3d at 672. The

purposeful availment analysis is used in contract suits, while the effects test is used in tort cases. *Id.* at 672-73. The effects test was established in *Calder v. Jones*, 465 U.S. 783 (1984). This is the proper analytical lense through which to view personal jurisdiction in a tort claim such as the one alleged in the present case. *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). To satisfy the effects test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger* v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)).

The first part of the effects test is clearly satisfied. Defendant intended to publish advertisements and make statements that target SKEDCO and make comparisons between the VLR Sled and the Sked.

The second question, whether by publishing the advertisements, defendant's conduct was expressly aimed at Oregon, must also be answered in the affirmative. The Ninth Circuit has found jurisdiction in a plaintiff's home forum when it has determined that the tort is an intentional one. *Brainerd v. Governors of the Univ. of Alta.*, 873 F.2d 1257, 1260 (9th Cir. 1989) (citations omitted); *Licciardello v. Lovelady*, 544 F.3d 1280, 1286 (9th Cir. 2008) ("[S]tates have a special interest in exercising jurisdiction over those who commit intentional torts causing injury to their residents."). Accordingly, the express aiming requirement is satisfied, and specific jurisdiction exists, when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. *Washington Shoe Co.*, 704 F.3d at 675 (citations omitted). For example, in *Brayton Purcell LLP v. Recordon &*

5  - OPINION AND ORDER

*Recordon*, the nonresident defendant, a law firm specializing in elder abuse law, engaged in willful copyright infringement targeted at the plaintiff, another law firm specializing in elder abuse law. 606 F.3d 1124 (9th Cir. 2010). By targeting the plaintiff, the defendant placed itself in direct competition for business with the plaintiff. *Id.* at 1129. Based on this, the Ninth Circuit held that the defendant's conduct was expressly aimed at the forum state. Similarly, in the present case, Medsled targeted SKEDCO by comparing the Sked and the VLR Sled. In so doing, Medsled placed itself in direct competition with SKEDKO. Knowing that SKEDCO is a resident of Oregon, this targeting satisfies the express aiming prong.

Defendant argues that the second part of the effects test is not satisfied because defendant operates an essentially passive website and does not contain "something more" as required to assert personal jurisdiction pursuant to *Mavrix Photo, Inc.*, 647 F.3d at 1229. However, defendant's argument fails for two reasons. First, plaintiff's claims do not arise solely from defendant's website, as this argument would require. Instead, plaintiff asserts that defendant engaged in false advertising in brochures and through YouTube.com. Moreover, the Ninth Circuit explained in *Mavrix Photo* that the use of "a passive website in conjunction with 'something more' – conduct directly targeting the forum – is sufficient" to satisfy the express aiming prong. 647 F.3d at 1229 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). A defendant has done "something more" when it has "individually targeted a plaintiff known to be a forum resident." *Id.* (citations and quotation omitted). As discussed above, defendant targeted plaintiff and knew it to be an Oregon resident.

The last part of the *Calder* effects test has also been satisfied as any harm suffered by SKEDCO would necessarily be felt in Oregon regardless of where plaintiff lost business.

Because the purposeful availment or direction prong has been satisfied, the court turns to the question of whether plaintiff's claims arise out of, or result from, defendant's forum-related activities. They clearly do. Plaintiff alleges false advertisements that target an Oregon corporation. Because defendant's contacts in Oregon include this intentional targeting, the claims at issue arise from defendant's contacts in the forum state.

As plaintiff has met its burden in satisfying the first two prongs of the specific jurisdiction test, defendant must present a compelling case that the exercise of jurisdiction would be unreasonable. Defendant argues that the exercise of jurisdiction is unreasonable because it has minimal contacts in Oregon. However, this is outweighed by defendant's purposeful interjection into the forum state and the forum state's interest in adjudicating the dispute. Accordingly, this court finds no compelling reason for declining to exercise personal jurisdiction over defendant.

### 2.    VENUE

Defendant argues that venue is improper in the District of Oregon, because a substantial part of the events giving rise to the claim occurred outside of Oregon. However, pursuant to 28 U.S.C. § 1391(c), a corporate defendant shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. Venue is proper in any district in which the defendant resides. 28 U.S.C. § 1391(b). As discussed above, defendant is subject to this court's personal jurisdiction; therefore, venue in this district is proper.

### 3.    FAILURE TO STATE A CLAIM

In addition to defendant's jurisdictional arguments, it asserts that plaintiff's claims should

be dismissed for failure to state a claim. In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted).

A.   **Laches**

Defendant argues that plaintiff's Lanham Act claims are barred under the laches doctrine. To establish the defense of laches, defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself. *Couveau v. American Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000). As plaintiff asserts correctly, "because the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment." *Id.* (citations omitted). "At the motion-to-dismiss phase, the obstacle to asserting a successful laches defense is even greater because the defendant must rely exclusively upon the factual allegations set forth in the complaint." *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Based on the factual allegations set forth in the current complaint, this court cannot conclude that plaintiff has unreasonably delayed the filing of its claims, nor can this court conclude that defendant was prejudiced by any such delay.

Defendant demonstrates by affidavit that the date of the YouTube.com video, in which defendant compares the Sked and the VLR Sled, is March 16, 2011. Accordingly, defendant argues cursorily, plaintiff has slept on its rights for over two years. Further, defendant asserts that plaintiff had the opportunity to submit declarations attesting to the date in question. While the parties dispute whether materials outside the pleadings should be considered in a motion to

dismiss, defendant's argument falls short regardless. Even if this court were to consider the declarations submitted, they are not conclusive on whether plaintiff unreasonably delayed in filing suit or whether defendant was prejudiced by that delay. According to defendant, the earliest date that laches could attach is March 16, 2013. Plaintiff filed this suit on April 24, 2013. Plaintiff should be allowed the opportunity to present evidence as to why that five-week delay was reasonable. Also, defendant has not presented evidence as to how that 5-week delay resulted in prejudice. Therefore, defendant's motion as to the doctrine of laches is denied. The laches defense may be renewed after discovery is completed.

### B.    COMMON LAW UNFAIR COMPETITION CLAIM

Lastly, defendant argues that plaintiff's second claim, an unfair competition claim under Oregon common law, is a claim that is not recognized by Oregon courts. As defendant correctly explains, when applying state law, and there is no relevant precedent from the state's highest court, the federal court must follow relevant precedent from an appellate court unless there is evidence that the supreme court likely would not follow it. *Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007). In *Volt Servs. Group, Div. of Volt Management Corp. v. Adecco Employment Servs., Inc.*, the Oregon Court of Appeals explained that "unfair competition is limited to misappropriation of a competitor's intellectual property." 35 P.3d 329, 338 (Or. App. 2001). Therefore, an unfair competition claim under Oregon common law does not allow claims for false and misleading advertisements.

Plaintiff cites two cases in support of its contention that Oregon recognizes false and misleading advertising as unfair competition claims. In *CollegeNET Inc. v. XAP Corp.*, this court expressly stated that the parties agreed that the plaintiff's unfair competition claim arose

9  - OPINION AND ORDER

under Oregon law; therefore, the court did not reach that issue.  No. CV-03-1229-HU, 2004 WL 2303506, *1 (D. Or., Oct. 12, 2004).  Plaintiff also relies on *Shakey's Inc. v. Covalt*, 704 F.2d 426 (9th Cir. 1983), to support its position.  However, in *Shakey's*, the plaintiff alleged unfair competition that is most similar to infringement - defendant allegedly engaged in mimicry, which "deceived the public, and enabled [defendant] to derive benefit from [plaintiff's] good will."  *Id.* at 431.  Plaintiff's reliance on these cases does nothing to demonstrate that Oregon common law recognizes unfair competition claims that allege anything other than misappropriation of a competitor's intellectual property.  Therefore, defendant's motion to dismiss plaintiff's second claim is granted.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [7] is GRANTED IN PART and DENIED IN PART.  Defendant's motion as to personal jurisdiction and venue is denied.  Defendant's motion as to the laches doctrine is denied with leave to renew.  Defendant's motion as to plaintiff's second claim is granted.

IT IS SO ORDERED.

Dated this 30 day of July, 2013.

ANCER L. HAGGERTY
United States District Judge

10 - OPINION AND ORDER