Jeffrey D. Eberhard, OSB No. 872132
jeberhard@smithfreed.com
Joseph A. Rohner IV, OSB No. 064919
jrohner@smithfreed.com
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

    Attorneys for Defendant
    ARC Products, LLC, d/b/a MedSled

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SKEDCO, INC., | ) |
| | ) Case No. 3:13-cv-00696-HA |
| Plaintiff, | ) |
| | ) **DEFENDANT'S ANSWER TO** |
| v. | ) **PLAINTIFF'S COMPLAINT,** |
| | ) **AFFIRMATIVE DEFENSES AND** |
| ARC PRODUCTS, LLC, a Missouri limited | ) **COUNTERCLAIMS** |
| liability company, d/b/a MEDSLED, | ) |
| | ) |
| Defendant. | ) |

COMES NOW Defendant ARC Products, LLC ("ARC") and for answer to Plaintiff's Complaint admits, denies and alleges as follows:

    1.    Based on information and belief, ARC admits the allegations in Paragraph 1.

    2.    In response to Paragraph 2, ARC admits that it is a limited liability company organized in the State of Missouri and that "Med Sled" is an assumed business name registered in the State of Missouri, as well as a trade name and registered trade mark. ARC further admits that its principle place of business is Missouri and that it has conducted very limited business activities within the State of Oregon with regard to the VLR Sled, as outlined in the briefing for

Page 1 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**   27612

ARC's Motion to Dismiss. ARC denies the remaining allegations in Paragraph 2.

3. In response to Paragraph 3, ARC admits that this Court has subject-matter jurisdiction over this action because Plaintiff's claim arises under the Lanham Act and further admits that the parties are of diverse citizenship. ARC denies the remaining allegations in Paragraph 3.

4. In response to Paragraph 4, ARC admits it has some business ties with and business activity in the State of Oregon as outlined in the briefing for ARC's Motion to Dismiss, but that such activities and ties are almost exclusively related to products that have no bearing on the matters at issue in this lawsuit. In accordance with its Motion to Dismiss, ARC has denied that personal jurisdiction and venue are proper in the State of Oregon, but the Court's ruling on said Motion speaks for itself. Unless specifically admitted, all remaining allegations in Paragraph 4 are denied.

5. In response to Paragraph 5, ARC admits that SKEDCO manufactures and sells the "Sked" and related accessories and products. ARC is without sufficient information to form a belief about the specific reasons that the Sked sled was designed as described in Paragraph 5 and therefore denies the same. ARC is further without sufficient information to form a belief about the reasons the Sked is sold or how it is used after sale in every case and therefore denies the same. ARC denies the remaining allegations in Paragraph 5.

6. ARC is without sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 6 and therefore denies the same.

7. In response to Paragraph 7, ARC admits that SKEDCO sells products to several branches of the United States Military and based on information and belief admits that SKEDCO has also conducted business with non-Military customers. ARC denies the remaining allegations in Paragraph 7.

8. In response to Paragraph 8, ARC admits that it manufactures and sells emergency transportation devices, commonly referred to as "Med Sleds," and that one of its models of Med Sleds is the Vertical Lift Rescue Sled ® (the "VLR Sled"). ARC further admits that the VLR

Page 2 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS   27612

Sled can be used in both Military and non-Military applications. ARC further admits that the VLR Sled is a competing product to the Sked in certain segments of the market. ARC denies the remaining allegations in Paragraph 8.

9. In response to Paragraph 9, ARC admits that it promotes the VLR Sled with brochures, films, and on-line on its company website. ARC admits that some of its videos have been posted to youtube.com. ARC further admits that the purpose of such Marketing Materials was to promote the VLR Sled and highlight its features and attributes. ARC denies the remaining allegations in Paragraph 9.

10. ARC denies Paragraph 10.

11. In response to Paragraph 11, ARC admits that its product distributors have access to certain marketing materials that related to ARC's products and that such materials can be distributed to potential customers. ARC denies the remaining allegations in Paragraph 11.

12. ARC denies Paragraph 12.

13. In response to Paragraph 13, ARC restates its responses to Paragraphs 1-12 as if fully restated here.

14. ARC denies Paragraph 14.

15. In response to Paragraph 15, ARC admits it intends for its customers and potential customers to understand and learn about the benefits and attributes of the VLR Sled regarding its weight, durability, and other important qualities and attributes, and further admits that in an emergency situation that time spent can be the difference between life and death. ARC denies the remaining allegations in Paragraph 15.

16. ARC denies Paragraphs 16 through 22 in their entirety.

17. Paragraphs 23 through 29 refer to a claim the Court has dismissed in its entirety and therefore no response is required. To the extent a response is ever deemed to be necessary, however, ARC denies the same.

18. Unless expressly admitted herein, ARC denies each and every allegation in the Complaint.

Page 3 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**    276 I 2

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

19. ARC restates Paragraphs 1-18 above.

20. Plaintiff's allegations fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations / Laches)

21. ARC restates Paragraphs 1-20 above.

22. Plaintiff has failed to commence some or all portions of its claim in a timely fashion and therefore has not timely commenced some or all portions of its claim. Plaintiff has been aware of certain representations discussed in the Complaint and allegedly made by ARC since at least the year 2006, but failed to act on the same until April 2013. Accordingly, Plaintiff's claim, or some constituent parts thereof, is barred by the statute of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

23. ARC restates Paragraphs 1-22 above.

24. Plaintiff has been aware of certain representations discussed in the Complaint and allegedly made by ARC since at least the year 2006, but has failed to act until April 2013.

25. Accordingly, Plaintiff has waived and is estopped from pursuing any claims based on such alleged misrepresentation(s).

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

26. ARC restates Paragraphs 1-25 above.

27. Plaintiff's claim is barred by the doctrine of unclean hands by Plaintiff's own use of false and/or misleading statements Plaintiff has made in regard to its own product or products, as will be described below.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

28.  ARC restates Paragraphs 1-27 above.

29.  Plaintiff lacks standing to bring a claim under the Lanham Act because of, but not limited to, Plaintiff's lack of a discernible competitive injury.

## SIXTH AFFIRMATIVE DEFENSE

### (First Amendment Commercial Speech)

30.  ARC restates Paragraphs 1-29 above.

31.  ARC's statements are commercial speech and entitled to the protections of the First Amendment to the Constitution of the United States.

## COUNTERCLAIMS FOR RELIEF

32.  ARC restates Paragraph 1-31 above.

### JURISDICTION AND VENUE

33.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity of citizenship); 15 U.S.C. § 1116 (Lanham Act Injunctive Relief); and 15 U.S.C. § 1121 (Lanham Act). Venue as to Skedco is proper because a substantial part of the events giving rise to this claim occurred in this District and because Skedco is a resident of this District and subject to personal jurisdiction within its borders.

### ALLEGATIONS

34.  Skedco promotes its Sked sled and related products throughout the country through the use of false and misleading statements made in brochures, publications and its website (hereafter "Sked Marketing Materials") and likely through other media that ARC is unaware of at this time but will likely become aware of through discovery.

35.  The Sked Marketing Materials are intended to enhance the reputation of Skedco's own product or products, to defame the reputation of ARC's products and to attempt to obtain unfairly business that Skedco would not have obtained if not for Skedco's false and misleading Sked Marketing Materials.

Page 5 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS    27612

36. Skedco has asserted for a number of years that its Sked sled is composed of "Low density E-Z glide polyethylene plastic[,]" which is commonly referred to as LDPE.

37. In particular, Skedco makes or has made the following false and misleading statements of fact:

(a) Skedco claims the Sked sled "begins to melt at 450 degrees F to 500 degrees F" when in fact publically available technical specification materials demonstrate that LDPE plastic generally starts to melt at the substantially lower temperature of approximately 248 degrees;

(b) Skedco's Carston "Bud" Calkin asserted in a published interview that an individual person can have an injured person ready for transport in a Sked sled in a mere 20 seconds and that Calkin could perform this "routinely," when in reality it takes significantly longer for an injured person to be loaded into and ready for transport into a Sked sled;

(c) Calkin asserted in the same published interview that an injured person can be loaded into a Sked sled in 20 seconds and can be prepared for a lift by a helicopter in as little as 40 more seconds (60 seconds total), when in reality it takes substantially longer to load an injured person and, thereafter, substantially longer to prepare that injured person for a helicopter lift using the Sked sled than these claims indicate;

(d) Skedco claims its cross-strap Cobra buckles are rated at 3,000 pounds, but this claim is materially misleading because the Sked sled cross-straps are likely to fail where said straps attach to the Sked sled, and that such failure is likely to occur at a significantly lower weight than 3,000 pounds;

(e) Skedco claims its lift rope strength is in excess of 5,000 pounds, when in fact this claim is materially misleading because the rope is likely to pull the attachment grommets free from the Sked sled and thus fail at a weight of less than 5,000 pounds.

Page 6 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS    27612

## FIRST CLAIM FOR RELIEF

### (Lanham Act § 43(a) - Injunctive Relief)

38. ARC realleges Paragraphs 1-37 above.

39. In connection with the promotion of the Sked sled, Skedco has made the false or misleading representations of fact alleged above in interstate commerce.

40. In making the above representations, Skedco intended and intends to persuade actual or prospective customers, particularly but not limited to military customers, that the Sked sled possesses qualities or attributes that it does not possess and/or that the Sked is superior to the Med Sled VLR in the areas at issue. Accordingly, Skedco's statements had the capacity to deceive a substantial segment of actual or potential customers.

41. If Skedco is not required to cease the use of false and/or materially misleading Sked Marketing Materials, ARC is likely to be injured as a result of Skedco's false advertising, which is material because it is likely to influence one or more customer's purchasing decisions.

42. ARC is entitled to an Order from this Court enjoining any further publication of the deceptive and misleading Sked Marketing Materials outlined above.

43. ARC is entitled to an Order from this Court requiring Skedco to publish corrective advertising sufficient to remedy or correct the false and/or materially misleading representations it has made as outlined above.

44. ARC is entitled to its reasonable attorneys' fees under 15 U.S.C. § 1117.

## SECOND COUNTERCLAIM FOR RELIEF

### (Attorneys' Fees - 15 U.S.C. § 1117)

45. ARC restates Paragraphs 1-44 above.

46. To the extent ARC is the prevailing party in this action in defending against Skedco's affirmative claim, ARC is entitled to recover its reasonable attorneys' fees.

**WHEREFORE,** having fully answered Plaintiff's Complaint and stated its affirmative defenses and counterclaims for relief, ARC prays for relief as follows:

1. That Plaintiff's Claim(s) be dismissed with prejudice;

Page 7 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS    27612

2. That Plaintiff take nothing;

3. On ARC's First Counterclaim for Relief, that the Court enjoin Skedco from any further publication of the deceptive and misleading Sked Marketing Materials outlined herein;

4. On ARC's First Counterclaim for Relief, that the Court Order Skedco to publish corrective advertising sufficient to remedy or correct the false and/or materially misleading representations it has made as outlined above;

5. For ARC's reasonable attorneys' fees, per 15 U.S.C. § 1117, as well as ARC's costs and disbursements;

6. And for any other relief the Court deemed just, fair, or adequate.

DATED this 11th day of November, 2013.

SMITH FREED & EBERHARD P.C.

By    /s/ Joseph A. Rohner IV
Jeffrey D. Eberhard, OSB No. 872132
jeberhard@smithfreed.com
Joseph A. Rohner IV, OSB No. 064919
jrohner@smithfreed.com
Of Attorneys for Defendant

Jeffrey D. Eberhard, OSB No. 872132
jeberhard@smithfreed.com
Joseph A. Rohner IV, OSB No. 064919
jrohner@smithfreed.com
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535
Of Attorneys for Defendant
ARC Products, LLC, d/b/a MedSled

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SKEDCO, INC., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>ARC PRODUCTS, LLC, a Missouri limited liability company, d/b/a MEDSLED, <br><br>　　　　　　Defendant. | Case No. 3:13-cv-00696-HA <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** on the date indicated below by:

- [x] mail with first-class postage prepaid, deposited in the US mail at Portland, Oregon
- [ ] hand-delivery
- [ ] overnight delivery
- [ ] facsimile transmission
- [x] electronic filing notification

/ / /

/ / /

/ / /

Page 9 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**　　27612

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s)/individual(s) at the address(es) listed below:

Lois O. Rosenbaum
Nathan C. Brunette
Stoel Rives, LP
900 SW Fifth Ave., Ste. 2600
Portland, OR 97204
Fax: (503) 220-2480
Email: lorosenbaum@stoel.com
Email: ncbrunette@stoel.com

Of Attorneys for Plaintiff

DATED this 11th day of November, 2013.      SMITH FREED & EBERHARD P.C.

By____/s/ Joseph A. Rohner IV_____
Jeffrey D. Eberhard, OSB No. 872132
jeberhard@smithfreed.com
Joseph A. Rohner IV, OSB No. 064919
jrohner@smithfreed.com
Of Attorneys for Defendant ARC Products, LLC, d/b/a MedSled
Trial Attorney: Jeffrey D. Eberhard