UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SKEDKO, INC., an Oregon corporation, | Case No. 3:13-cv-00696-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ARC PRODUCTS, LLC, a Missouri limited liability company, d/b/a MEDSLED, | |
| Defendant. | |

HAGGERTY, District Judge:

SKEDCO, Inc. ("plaintiff" or "SKEDCO") filed this action against ARC Products, LLC ("defendant" or "Medsled") for false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition in violation of common law. On November 11, 2013, defendant filed an Answer [24], which included counterclaims for false advertising under Section 43(a) of the Lanham Act and attorney fees. Plaintiff moves to dismiss defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9(b). For the following reasons, plaintiff's Motion to Dismiss [25] is granted.

1  - OPINION AND ORDER

## BACKGROUND

Plaintiff is an Oregon corporation that manufactures and sells emergency medical rescue equipment, and its leading product is the Sked® Rescue System ("Sked"), an evacuation sled system designed to quickly evacuate wounded people from confined spaces, from high angles, in technical rescues, and in traditional land-based rescues.

Defendant is a Missouri company that also manufactures and sells emergency transportation and evacuation devices. Of particular relevance to this case, defendant manufactures and sells the Vertical Lift Rescue Sled ("VLR Sled"), which is an evacuation device that provides quick transport of a nonambulatory individual in a difficult rescue situation or a confined space.

On April 24, 2013, plaintiff filed this lawsuit, alleging that defendant has used false and misleading advertising in brochures, in films, in presentations, and on the Internet that compare the VLR Sled and the Sked. Based on these misrepresentations, plaintiff asserts that defendant engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and unfair competition in violation of Oregon common law.

On November 11, 2013, defendant filed its Answer [24], which included counterclaims. Defendant alleges that plaintiff violated Section 43(a) of the Lanham Act by promoting its product through the use of false and misleading statements. Plaintiff moves to dismiss defendant's counterclaims.

## ANALYSIS

Plaintiff argues that defendant's counterclaims should be dismissed because they fail to meet the pleading requirements of Federal Rule of Civil Procedure (FRCP) 9(b). Generally, a

claim must only satisfy the liberal pleading standard of FRCP 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." However, FRCP 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly false statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (quotations and citations omitted). The question at issue is whether defendant's counterclaims must satisfy the heightened pleading standards of Rule 9(b).

The Ninth Circuit has not addressed whether false advertising claims under the Lanham Act must be pleaded with particularity. However, the Ninth Circuit has discussed the application of the Rules 8 and 9(b) standards in similar contexts. In *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003), the plaintiff alleged that the defendants increased prescription drug sales by fraudulently representing that the diagnostic criteria for Attention Deficit Disorder were scientifically reliable. The Ninth Circuit noted that, while fraud was not an essential element of the California statutes upon which the plaintiff relied in its complaint, the plaintiff is not necessarily relieved of the pleading requirements of Rule 9(b). *Id.* 317 F.3d at 1103. The plaintiff may still choose to allege that the defendant has engaged in fraudulent conduct. "[T]he plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04 (citations and quotations omitted).

3  - OPINION AND ORDER

In the present case, plaintiff proceeds under Section 43 of the Lanham Act, which does not require plaintiff to prove fraud as an element. Defendant argues that, because its counterclaims do not "sound in fraud", Rule 9(b) is inapplicable. This court disagrees.

An analysis of the essential elements of fraud demonstrate that defendant's allegations "sound in fraud." In Oregon, the elements of fraud are: (1) a false representation of material fact; (2) knowingly made or made with an insufficient basis for asserting it truth; (3) with the intent to induce one to act or refrain from acting; (4) justifiable reliance on the misrepresentation; and (5) resultant damage. *Maitland v. Mitchell*, 44 F.3d 1431, 1438-39 (9th Cir. 1995). Defendant's allegations satisfy each element. First, it is clear that defendant alleges that plaintiff's marketing materials are "false and misleading." Answer at ¶ 35. Defendant alleges the second element of fraud in stating that plaintiff "intended and intends to persuade actual or prospective customers . . . that the Sked sled possesses qualities or attributes that it does not possess . . . ." Answer at ¶ 40. The third and fourth elements of fraud are alleged where defendant states "the Sked Marketing Materials are intended to enhance the reputation of Skedco's own product or products, to defame the reputation of ARC's products and to attempt to obtain unfairly business that Skedco would not have obtained if not for Skedco's false and misleading Sked Marketing Materials." Answer at ¶ 35. Defendant alleges that the resultant damage is lost customers. Answer at ¶ 35. By asserting that plaintiff unfairly obtained business by intentionally misleading customers about the characteristics of its product, defendant made allegations that reach beyond a mere unintentional misrepresentation. Instead, defendant asserted that plaintiff's misrepresentations were made knowingly, satisfying the scienter element of fraud. Accordingly, defendant's allegations sound in fraud and should be subject to the heightened pleading standards of Rule 9(b).

Additionally, several district courts in this circuit have held that false advertising claims under the Lanham Act must be pleaded in accordance with Rule 9(b). *CollegeNet, Inc. v. Xap Corp.*, No. CV-03-1229-HU, 2004 WL 2303506 (D. Or. Oct. 12, 2004); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform S.R.L.*, No. 12-CV-2427 BEN, 2013 WL 3761535 (S.D. Cal. July, 16, 2013); *Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*, No. SACV 13-00448-CJC, 2013 WL 2382262 (C.D. Cal. May 9, 2013); *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074 (C.D. Cal. 2010); *Stahl Law Firm v. Judicate West*, No. C13-1668 THE, 2013 WL 4873065 (N.D. Cal. Sep. 12, 2013); *Rpost Holdings, Inc. v. Trustifi Corp.*, No. CV 11-2118 PSG, 2011 WL 4802372 (C.D. Cal. Oct. 11, 2011) (citing additional authority within the Ninth Circuit). Defendant has failed to direct this court to any case supporting its argument that Rule 9(b) is inapplicable to false advertising claims under the Lanham Act. Therefore, defendant is required to plead its counterclaims in accordance with FRCP 9(b).

Defendant argues that even if the Rule 9(b) standards apply, those standards "may be relaxed where the circumstances of the alleged fraud are peculiarly within the [plaintiff's] knowledge or are readily obtainable by him." *Epicor Software Corp.*, 2013 WL 2382262 at *3 (citing *Neubronner v. Miken*, 6 F.3d 666 (9th Cir. 1993)). However, this exception does not nullify Rule 9(b) completely. *Neubronner*, 6 F.3d at 672. Defendant's pleadings fail to state when the alleged misrepresentations were made; where the misrepresentations were made; or who relied on them. Such pleadings do not satisfy even a relaxed Rule 9(b) standard.

///

///

///

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Dismiss [25] is granted. Defendant's counter claims are dismissed. The dismissal is without prejudice and defendant has leave to file an amended answer that addresses the deficiencies identified above within 21 days of the date of this Order.

IT IS SO ORDERED.

Dated this 13 day of February, 2014.

ANCER L. HAGGERTY
United States District Judge