UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SKEDKO, INC., an Oregon corporation,                Case No. 3:13-cv-00696-HA

    Plaintiff,                                              OPINION AND ORDER

    v.

ARC PRODUCTS, LLC, a Missouri limited
liability company, d/b/a MEDSLED,

    Defendant.

---

HAGGERTY, District Judge:

    SKEDCO, Inc. ("plaintiff" or "SKEDCO") filed this action against ARC Products, LLC

("defendant" or "Medsled") for false advertising in violation of Section 43(a) of the Lanham Act,

15 U.S.C. § 1125(a), and unfair competition in violation of common law.  On March 5, 2014,

defendant filed an Amended Answer [33], which included counterclaims for false advertising

under Section 43(a) of the Lanham Act and for attorney fees.  Plaintiff moves to dismiss

defendant's counterclaims pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6) and

FRCP 9(b).  For the following reasons, plaintiff's Motion to Dismiss [34] is denied.

1  - OPINION AND ORDER

## BACKGROUND

Plaintiff is an Oregon corporation that manufactures and sells emergency medical rescue equipment, and its leading product is the Sked® Rescue System ("Sked"), an evacuation sled system designed to quickly evacuate wounded people from confined spaces, from high angles, in technical rescues, and in traditional land-based rescues.

Defendant is a Missouri company that also manufactures and sells emergency transportation and evacuation devices. Of particular relevance to this case, defendant manufactures and sells the Vertical Lift Rescue Sled ("VLR Sled"), which is an evacuation device that provides quick transport of a nonambulatory individual in a difficult rescue situation or a confined space.

On April 24, 2013, plaintiff filed this lawsuit, alleging that defendant has used false and misleading advertising in brochures, in films, in presentations, and on the Internet that compare the VLR Sled and the Sked. Based on these misrepresentations, plaintiff asserts that defendant engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and unfair competition in violation of Oregon common law.

On November 11, 2013, defendant filed its Answer [24], which included counterclaims. Defendant alleges that plaintiff violated Section 43(a) of the Lanham Act by promoting its product through the use of false and misleading statements. On February 13, 2014, this court issued an Opinion and Order [30] dismissing defendant's counterclaims without prejudice. In that Opinion and Order the court found that because defendant's counterclaims "sound[ed] in fraud", they must satisfy the particularity requirements of FRCP 9(b) and they failed to do so.

On March 5, 2014, defendant filed an Amended Answer [33]. On March 19, 2014,

plaintiff filed a second Motion to Dismiss [34], arguing that defendant's amended counterclaims still fail to satisfy Rule 9(b) and fail as a matter of law.

## STANDARDS

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

As this court ruled in its Opinion and Order [30], dated February 13, 2014, the counterclaims at issue in this Motion to Dismiss must satisfy the heightened pleading requirements of FRCP 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To comply with Rule 9(b), the complaint must state with particularity the circumstances constituting the fraud, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.2004). "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

The reviewing court must treat all facts alleged in the couterclaim as true and resolve all doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a counterclaim pleading. *Ashcroft*, 556 U.S. at 678.

## ANALYSIS

Plaintiff's motion attacks three specific counterclaims. The court will analyze each counterclaim in turn.

### 1.    The Melting Point Counterclaim

Plaintiff argues that the following counterclaim should be dismissed:

36.    Skedco has asserted for a number of years that its Sked sled is composed of "Low density E-Z glide polyethylene plastic[,]" which is commonly referred to as LDPE.

37.    In particular, Skedco makes or has made the following false and misleading statements of fact:

(a)    Skedco claims in its "SKED STRETCHER FACT SHEET" that the Sked sled "begins to melt at 450 degrees F to 500 degrees F" when in fact publically available technical specification materials demonstrate that LDPE plastic generally starts to melt at the substantially lower temperature of approximately 248 degrees. Skedco has made these representations in advertising fliers such as the example attached hereto as Exhibit A, and has distributed the same to third parties on dates and times presently unknown to ARC, but which ARC will determine through document discovery and deposition process;

Def's First Am. Answer [33] at 6.

First, plaintiff alleges that in pleading this counterclaim, defendant fails to satisfy the particularity requirements of FRCP 9(b). To satisfy Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading

about the purportedly false statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (quotations and citations omitted). A pleading "is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubromer v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (quotations omitted).

In the Melting Point Counterclaim, defendant identifies the statement that is allegedly false: the Sked sled begins to melt at 450 degrees F to 500 degrees F. Defendant also identifies its theory as to why that statement is false: the Sked is composed of LDPE, which melts at approximately 248 degrees F. Defendant even goes so far as to attach Exhibit A, an example of an advertisement in which this allegedly false statement is made. By attaching an advertisement in which plaintiff allegedly made the false statement at issue, defendant clearly drafted pleadings that are specific enough for plaintiff to prepare an adequate defense.

Plaintiff argues that the pleading fails to state the time period during which Skedco made the statement, to whom the statement was made, and how and if any customer was deceived by the statement. However, the Rule 9(b) standards "may be relaxed where the circumstances of the alleged fraud are peculiarly within the [plaintiff's] knowledge or are readily obtainable by him." *Epicor Software Corp., v. Alternative Tech. Solutions, Inc.*, No. SACV 13-00448-CJC, 2013 WL 2382262 at *3 (C.D. Cal. May 99, 2013) (citing *Neubromer,* 6 F.3d at 672). Knowledge of the time period during which plaintiff distributed the advertisement in Exhibit A is obtainable by plaintiff. Similarly, without the benefit of discovery, defendant would have no way of knowing to whom plaintiff distributed that advertisement. Finally, plaintiff argues that defendant fails to state why the statement is misleading. Specifically, plaintiff argues that defendant's pleading is

5  - OPINION AND ORDER

insufficient because it fails to allege that the specific plastic used by plaintiff melts at a

temperature lower than 450 degrees. This court disagrees. Defendant's pleading states that

plaintiff's Sked sled is made of LDPE and that LPDE melts at a temperature below 450 degrees.

The claim is plead with specificity sufficient to place plaintiff on notice of the nature of the claim

and to formulate a defense. Therefore, the court finds that the Melting Point Counterclaim

satisfies the pleading requirements of Rule 9(b).

      **2.**      **Rated Strength Counterclaims**

Plaintiff argues that the following counterclaim should be dismissed:

37.      In particular, Skedco makes or has made the following false and
misleading statements of fact:

                             \* \* \* \*

(d)     Skedco claims its cross-strap Cobra buckles are rated at 3,000 pounds, but
this claim is materially misleading because the Sked sled cross-straps are
likely to fail where said straps attach to the Sked sled, and that such failure
is likely to occur at a significantly lower weight than 3,000 pounds.
Skedco has made these representations in advertising fliers such as the
example attached hereto as Exhibit A, and has distributed the same to third
parties on dates and times presently unknown to ARC, but which ARC
will determine through the document discovery and deposition process;

(e)     Skedco claims its lift rope strength is in excess of 5,000 pounds, when in
fact this claim is materially misleading because the rope is likely to pull
the attachment grommets free from the Sked sled and thus fail at a weight
of less than 5,000 pounds. Skedco has made these representations in
advertising fliers such as the example attached hereto as Exhibit A, and
has distributed the same to third parties on dates and times presently
unknown to ARC, but which ARC will determine through the document
discovery and deposition process.

Def's First Am. Answer [33] at 7.

      Defendant does not argue that the plaintiff's statements regarding the rated strength of its

straps and lift rope are false. Rather, defendant claims that the statements are materially

misleading, because the statements imply that the strap system and lift rope system will hold at least 3,000 and 5,000 pounds of weight, respectively, when used as intended as a part of the Sked sled. In actuality, defendant claims that the straps and lift rope will fail where the straps and lift rope attach to the sled, and that failure will occur at a weight significantly lower than the rated strength statement.

When an advertisement is allegedly false, a plaintiff can prevail without considering evidence of consumer reaction. *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 33 (1st Cir. 2000). However, when a plaintiff alleges that an advertisement is misleading, it carries an additional burden of proving that the advertisement, though explicitly true, nonetheless conveys a misleading message to the viewing public. *Id.* (citing *Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 228-29 (3rd Cir. 1990)); *Southland Sob Farms v. Stover Seed Co.*, 108 F.3d 1134, 1140 (9th Cir. 1997). The plaintiff must demonstrate that consumers actually reacted to the advertisement at issue rather than merely demonstrate that the advertisement was misleading in nature. *Id.*

In this case, plaintiff argues that the Rated Strength Claims are inadequately pled because defendant fails to include any facts or details that consumers were actually misled. However, defendant identifies the statements that are allegedly misleading and the reasons why those statements are allegedly misleading. Defendant also attaches the advertisement in which the allegedly misleading statements were made[1] and explains that the recipients of the advertisement

---

[1]The court notes that the statements regarding the 3,000 pound rated strength of plaintiff's cross-strap Cobra buckles do not appear in Exhibit A of defendant's Amended Answer. Because plaintiff has not raised this fact, the court assumes that both parties are aware of an advertisement in which that statement was made. Defendant shall produce that advertisement to plaintiff and

and the timing of its distribution will be determined through discovery. While it is true that defendant fails to allege that those who received the advertisement were misled, the court finds it near impossible for defendant to allege which of plaintiff's customers were actually misled by the advertisement without the benefit of discovery. As stated above, the FRCP 9(b) standards may be relaxed where the circumstances of the alleged fraud are readily obtainable by plaintiff. *Epicor Software Corp.,* 2013 WL 2382262 at *3. The court also finds that the specificity provided by defendant's pleading provides plaintiff with adequate notice of the nature of defendant's counterclaim without alleging that customers were misled. Defendant has provided sufficient details such that plaintiff is able to prepare an adequate defense. Therefore, plaintiff's Motion is denied as to the Rated Strength Counterclaims.

In defendant's briefing it argues that the rated strength statements are not only likely to mislead or confuse customers but are also false by necessary implication. However, in defendant's First Amended Answer, defendant alleges only that the statements are misleading. Def's First Am. Answer [33] at 7. Because defendant fails to allege that the rated strength statements were false by necessary implication in its Amended Answer, defendant has not provided plaintiff adequate notice of this theory. Therefore, defendant will not currently be allowed to present evidence to support this theory at trial, but may seek leave to amend its Amended Answer to include such allegations.

### 3.    Loading Speed Counterclaim

Plaintiff argues that the following counterclaim should be dismissed:

---

the court within fourteen days of the entry of this Opinion and Order. If defendant is unable to do so, then plaintiff's Motion as to this counterclaim is granted.

37.    In particular, Skedco makes or has made the following false and
misleading statements of fact:

\* \* \* \*

(b)    Skedco's Carston "Bud" Calkin made assertions in his capacity as an
executive and agent of Skedco in a published interview titled "Cleared for
Takeoff", which appeared in the publication "Military Medical & Veterans
Affairs Forum" on or about December 3, 2012, in edition M2VA 2012
Volume: 16 Issue 8 (December), and written by author J. B. Bissell, that
an individual person can have an injured person ready for transport in a
Sked sled in a mere 20 seconds and that Calkin could perform this
"routinely," when in reality it takes significantly longer for an injured
person to be loaded into and ready for transport into a Sked sled. Based on
information and belief, this published interview, which appeared in close
proximity to a paid Skedco advertisement, was published to all subscribers
of the Military Medical & Veterans Affairs Forum publication, and is still
available at numerous online sources including web address
http://www.kmimediagroup.com/military-medical-veterans-affairs-
forum/articles/453-military-medical-veterans-affairs-forum/m2va-2012-
volume-16-issue-8-december/6182-cleared-for-takeoff-sp-863. A [sic]
excerpt of this magazine, containing the relevant article, is attached hereto
as Exhibit B.

(c)    Calkin asserted on behalf of Skedco in the same published interview, see
Exhibit B, that an injured person can be loaded into a Sked sled in 20
seconds and can be prepared for a lift by a helicopter in as little as 40 more
seconds (60 seconds total), when in reality it takes substantially longer to
load an injured person and, thereafter, substantially longer to prepare that
injured person for a helicopter lift using the Sked sled than those claims
indicate;

Def's First Am. Answer [33] at 6-7.

Plaintiff argues that defendant cannot base a Lanham Act claim on statements that a

journalist attributed to a Skedco officer, because those statements are not commercial speech and

therefore do not fall under the purview of the Lanham Act. The Lanham Act proscribes

misrepresentation of one's goods or services in "commercial advertising or promotion." 15

U.S.C. § 1125(a)(1). The Act does not define "advertising" or "promotion." However, the Ninth

Circuit has established four factors to determine whether a statement is "commercial advertising

or promotion." The parties agree that the statement must be:

> (1) commercial speech; (2) by a defendant who is in commercial competition with
> plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or
> services. While the representations need not be made in a "classic advertising
> campaign," but may consist instead of more informal types of "promotion," the
> representations (4) must be disseminated sufficiently to the relevant purchasing
> public to constitute "advertising" or "promotion" within that industry.

*Coastal Abstract Serv., Inc., v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999)

(citation omitted).

As it pertains to the first factor, commercial speech is speech that "does no more than

propose a commercial transaction." *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184

(9th Cir. 2001) (citing *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983)). Plaintiff's

argument that Calkin's statements are not actionable are all based on the fact that a journalist's

article is clearly not commercial speech but rather speech that is protected under the First

Amendment. Def's Reply at 8 (citing *Gmurzynska v. Hutton*, 355 F.3d 206, 210-11 (2d Cir.

2004)). While the author of "Cleared for Takeoff" may have intended to inform the public about

various advances in aerial transport medicine, defendant did not bring a claim against the author.

Rather, defendant takes issue only with the statements of Calkin, as quoted in the article.

Calkin's statements to the author of the article highlight the newest features of the Sked sled and

explain the added benefits that those new features provide to Skedco customers. Military

Medical & Veterans Affairs Forum, the magazine that contained the article, is published by KMI

Media Group, which proclaims that its publications reach a "targeted mailing list" to "the

military's top leadership." KMI Media Group, **http://www.knimediagroup.com/advertise** (last

visited May 29, 2014). Thus, the magazine's readership is targeted toward plaintiff's primary customer. The court cannot find a purpose behind Calkin's statements other than to promote his company's product to potential customers. Therefore, the court finds that Calkin's statements constitute commercial speech.

The statements in the article also clearly satisfy the second, third, and fourth factors of the Ninth Circuit's test. Neither party disputes that Skedco and ARC are commercial competitors; therefore, the second factor is satisfied. Calkin's statements about the speed in which an injured person can be loaded into the Sked sled and prepared for transport are statements that highlight the features of the product. By describing the benefits of his company's product, Calkin's statements are meant to influence readers of the article to purchase the Sked sled, thus satisfying the third factor. Finally, as explained above, Calkin's statements were made to an author for Military Medical & Veterans Affairs Forum, which is distributed to the military's top leadership and Skedco's predominant customer. Accordingly, Calkin's statements were disseminated sufficiently to the relevant purchasing public to constitute promotion. Because Calkin's statements satisfy each factor as outlined in *Coastal Abstract Serv., Inc.,* 173 F.3d at 734-35, they constitute "commercial advertising or promotion" and are actionable under the Lanham Act.

Plaintiff also contends that defendant failed to plead the Loading Speed Counterclaim with the specificity required by Rule 9(b). However, defendant identifies the statements that are allegedly false, the source of those statements, how those statements were disseminated, and the reasons why they are allegedly false. Defendant even attaches to its Amended Answer the article in which the allegedly false statements are made. The court finds that this specificity is sufficient

to place plaintiff on notice of the nature of defendant's counterclaims and to allow plaintiff to

prepare an adequate defense.  Therefore, defendant's Loading Speed Counterclaim satisfies Rule

9(b).

**CONCLUSION**

Based on the foregoing, plaintiff's second Motion to Dismiss [34] is denied.

IT IS SO ORDERED.

Dated this _2_ day of June, 2014.

ANCER L. HAGGERTY
United States District Judge

12 - OPINION AND ORDER